# ,WILSON· v. RIGGS.

EASEMENTS; ESTOPPEL; GRANTS OF LAND.

1. Where the owner of two adjoining lots, an architect, builds.a dwelling house on each, and so constructs the houses that the porch of one encroaches about 5 feet on the adjoining lot, while the bay window· of the other projects about 1 foot over the other lot, and conveys both houses with their improvements, ways, easements, rights, privileges, and appurtenances to different parties, the purchaser of the lot over which the porch of the adjoining house projects cannot maintain a bill in equity against the other grantee for a mandatory injunction compelling the removal of the porch (following *Frizzell* v. *Murphy*, 19 App. D. C. 440),—especially where it appears that the removal of the porch would injure the appearance of· the property and inconvenience the owner.

2. Where the owner of both the quasi-dominant and quasi-servient tenements conveys the former, retaining the latter, all such continuous and apparent quasi-easements as are reasonably necessary to the enjoyment of the property pass to the grantee, giving rise to an easement by implied grant. (Following *Frizzell* v. *Murphy, supra.*)

3. A grantor cannot derogate from· his own grant, while a grantee may take the language of the deed most strongly in his favor. The law will imply an easement. in favor of the grantee more readily than it will in favor of a grantor.

No. 1636. Submitted April 5, 1906. Decided May 21, 1906.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing. a· bill in equity for an injunction.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, William Harris Wilson, complainant below,

by a bill in equity prayed a mandatory order and injunction compelling the removal of a porch covering part of complainant's lot. The court below denied this relief and dismissed the bill. A stipulation in this case shows that Lester A. Barr was the owner in fee of the land at the corner of Thirteenth and Yale streets, Northwest, in Washington, on part of which land the two houses with which we are here concerned stand. He duly subdivided this land into seven lots, from 49 to 55 both inclusive, and the subdivision was duly recorded. While Barr, who was an architect, still owned in fee all of those lots, he constructed seven buildings in accordance with plans made by himself, and two of these houses were so built as to provoke this controversy here. Barr built all the houses at the same time. Lot 54 "with its improvements, ways, easements, rights, privileges, and appurtenances" was conveyed to E. Francis Riggs, the appellee and defendant below, by deed, on June 16, 1901. Barr remained the owner of lot 55 until October 21, 1902, when he conveyed it in fee to the appellant, William H. Wilson. At the time of the conveyance, and ever since, the structures and improvements on the two lots remain unchanged. The appellant now complains that the porch of the appellee, composed of stone and cement, was so built as to extend over a space of about 5 feet over the land of the appellant, the porch being supported upon the adjacent wall of the appellant's bay window, and when this bay window reaches its fourth story it projects about a foot over the appellee's land, and is supported by the latter's house. A granolithic pavement is maintained by the appellee as it was when he purchased from Barr. The curb encroaches on the complainant's lot.

The appellant admits that he saw and knew the character and construction of the two houses before he acquired title, but that he did not know how far the appellee encroached upon his lot until he procured a survey. The appellee insists upon the significance of mutual encroachments and mutual support, the convenience and necessity of the porch as now constructed, and of the entrance way to the area beneath the porch, as appurtenances to his dwelling. There is no dispute that these constructions have always been visible, open, and notorious pro-

jections upon the appellant's property, though the defendant
did not ascertain the precise extent of the encroachment until
he procured a survey to be made. The appellant contends that
these constructions are not an easement of necessity. Three
witnesses beside the appellant testify their opinion that the
porch is not necessary, that it could be pulled down and a new
porch built, without great expense, within the party line, and
that such change would not affect the entrance or doors in the
appellee's house; and two witnesses on behalf of the appellee
testify that such changes as suggested would reduce the rental
value, one of them saying it would abate a thousand dollars of
the value of the house and lot.

*Mr. Robert H. McNeill* and *Mr. George P. Hoover* for the
appellant.

*Mr. Wm. G. Johnson* and *Mr. J. M. Carlisle* for the appellee.

. Mr. Justice McCOMAS delivered the opinion of the Court:

After due consideration of the whole case, we think that
under the rulings of this court in *Frizzell* v. *Murphy,* 19 App.
D. C. 440, the learned court below committed no error in dis-
missing the appellant's bill. The facts of that case were like
the facts in this, and it was there said: "The more important
question is as to the extent and effect of the alleged implied
grant of an easement for the benefit of the house on lot No. 5,
as against lot No. 6. Both lots are in the same subdivision,
and are adjoining each other, and they belonged to the same
owner, and the houses on both lots were built by him while he
was such owner, and the lot 5, with the building and all im-
provements, easements, rights, and privileges thereto apper-
taining, were first conveyed and disposed of by the then owner
of both lots. By this severance, what was at that time a mere
quasi-easement for the benefit of the building on lot No. 5.
became a fixed and permanent easement by implied grant, and
the owner thus conveying the one lot as the quasi-dominant

tenement could not derogate from his grant or deny to his grantee, or those claiming under the latter, the use and benefit of what was, at the time of severance of the unity of ownership, an open and apparent easement reasonably necessary to the enjoyment of the part granted. The principle seems to be well settled, both upon principle and authority, that where the owner of both the quasi-dominant and quasi-servient tenements conveys the former, retaining the latter, all such continuous and apparent quasi easements as are reasonably necessary to the enjoyment of the property pass to the grantee, giving rise to an easement by implied grant."

Barr was an architect, and we may well believe that in his judgment the structures in dispute were reasonably necessary to the enjoyment of the property of the appellee, and also that the encroachments of the appellant's bay window was of like consequence to him. If Barr had applied for an injunction, he should not have prevailed in a court of equity, and, as was said in *Frizzell* v. *Murphy,* 19 App. D. C. 447: "It is very clear the grantor himself, as the owner of lot No. 6, not having made any such reservation in his grant, could not, with success, have asserted a claim to have the projection removed from the house on lot 5; nor could he have maintained an action against the owner of that lot as for a nuisance, because of such projection. And what he could not do, those who claim under him cannot do, because they are equally bound by the grant made by the original grantor of lot 5 as the grantor himself under whom they claim and hold lot 6. They hold the latter lot as the servient tenement of the easement created by the prior agent of William D. Cronin. It was the right of the purchaser, under the prior grant by William D. Cronin, to hold and enjoy the house upon lot 5 in the same condition in which it had been conveyed by such prior grant; and neither Cronin, the prior grantor, nor any subsequent grantee under him of lot 6, could question that right."

We think it unnecessary to review the cases cited by counsel, or to consider the question of what is necessary or reasonably necessary where the easement claimed is light, or ditches, or right of way, or flumes, or stream. The question before us is

settled in this jurisdiction; nor may we forget the terms of the grant by Barr to the appellee in this case already mentioned, nor that these appurtenances were not only visible but obvious and conspicuous.  This court and the supreme court of this District in general term, in the case of *McPherson* v. *Acker*, MacArth. & M. 150, 157, 48 Am. Rep. 749, have not limited such appurtenances to those which are absolutely necessary to the enjoyment of the property.  It is manifest that the size and appearance of the porch and the convenience of the porch and areaway are elements in the value of the property, which were part of the consideration and were paid for when the appellee purchased the property from Barr.  The appellant now insists, standing in Barr's place, that the porch should be removed or refashioned, although it is clear that such changes would surely injure the appearance of the property, and would likely inconvenience the appellee himself or his tenant in the enjoyment of the dwelling house.  We cannot agree that the appellant, Barr's grantee, may now deny to the appellee, Barr's prior grantee, the right to maintain and use the porch, the areaway, and the pavement in the same way these constructions existed when Barr conveyed the fee and all these appurtenances to the appellee.  It was well said that "a grantor cannot derogate from his own grant, while a grantee may take the language of the deed most strongly in his favor.  The law will imply an easement in favor of a grantee more readily than it will in favor of a grantor." *Wells* v. *Garbutt,* 132 N. Y. 430, 30 N. E. 978; *Paine* v. *Chandler,* 134 N. Y. 388, 19 L. R. A. 99, 32 N. E. 18.  See generally *Warner* v. *Grayson* recently decided by the Supreme Court [200 U. S. 257, 50 L. ed.—, 26 Sup. Ct. Rep. 240; S. C. 24 App. D. C. 55].

The order of the court below dismissing the bill will be affirmed, with costs and it is so ordered.            *Affirmed.*